UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CONNIE GIBBS
on behalf of herself and others
similarly situated,

    Plaintiff,

v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES INC., a Foreign for Profit
Corporation,

    Defendant.
_____/

CASE NO.: 6:21-cv-202-GAP-GJK

FLSA COLLECTIVE ACTION

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CONNIE GIBBS ("Plaintiff"), on behalf of herself, and other similarly situated employees, by and through her undersigned counsel, and sues Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC. ("Defendant" or "Sedgwick"), and in support state as follows:

### Jurisdiction and Venue

1. This is an action for damages by Plaintiff, on behalf of herself and other similarly situated employees, against their employer and/or former employer for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). This Court has jurisdiction over Plaintiff's FLSA claims, pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. At all times material to Plaintiff's

claims, Defendant has conducted substantial, continuous, and systematic commercial activities in this District.

## Parties and Factual Allegations

3. This is an action for violations of the FLSA brought by Plaintiff, and on behalf of, current and similarly situated employees of Defendant.

4. Plaintiff, CONNIE GIBBS has been employed by Defendant since in or around November 2016, was paid a salary, and during the relevant period for this instant action held the position "Return to Work Specialist."

5. As a Return to Work Specialist, Plaintiff was responsible for processing accommodation claims for Defendant. Typical job duties include(d) sending notices regarding a claimant returning to work, contacting and communicating updates to claimants, and acting as a liaison for claimants between the client and medical provider.

6. Those similarly situated to Plaintiff also held the job title of Return to Work Specialist and processed accommodation claims for Defendant. Similarly, their typical job duties also include(d) sending notices regarding a claimant returning to work, contacting and communicating updates to claimants, and acting as a liaison for claimants between the client and medical provider.

7. Plaintiff, Opt-In Plaintiffs, and similarly situated employees were classified as exempt salaried employees and were not paid time and one half for all hours worked in a workweek. Plaintiff and similarly situated employees regularly worked over forty (40) hours per week without being paid the overtime premium.

8. Plaintiff, Opt-In Plaintiffs, and similarly situated employees who held the title "Return to Work Specialist" performed similar job duties. Further, they were denied overtime wages because they were misclassified as exempt employees.

9. Plaintiff is an employee of Defendant as defined by 29 U.S.C. § 203(e).

10. Plaintiff is not exempt under any exemption under the FLSA.

11. Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC., is a Foreign for Profit Corporation, operating a business located, among other locations, in Orange and Seminole Counties, Florida. Defendant also operates businesses that employ the Covered Employees who work(ed) in and/or report(ed) to other states which include, but are not limited to, Arizona, Arkansas, California, Connecticut, Georgia, Hawaii, Illinois, Indiana, Kansas, Minnesota, Missouri, Nevada, New York, North Carolina, Ohio, Pennsylvania, Tennessee, Texas, Utah, and West Virginia.

12. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

13. Defendant is an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

14. As used in this pleading, the term "Class" and "Covered positions" refers to all current, former, and future salaried employees who held the job position of Return to Work Specialist; and whose job duties included sending notices regarding a claimant returning to work, contacting and communicating updates to claimants, and acting as a liaison for claimants between the client and medical provider; and, who was and/or is employed during the relevant time for this instant action, including any time during which the statute of limitation was or may have been tolled or suspended.

15. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff and/or other Covered Employees, and exercised control over the wages, hours, and working conditions of Plaintiff and other Covered Employees.

16. On a frequent basis throughout Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours per week but was not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times their regular rate of pay.

17. At all relevant times Plaintiff worked in excess of forty (40) hours per week, Defendant was aware of, and suffered or permitted the same.

18. Plaintiff complained verbally to supervisors and managerial employees of Defendant about not being paid overtime under the FLSA.

19. Defendant employs hundreds and/or thousands of similarly situated employees throughout the United States now and during all relevant time periods.

20. Other employees who worked for Defendant throughout the United States, and who are members of the class as defined herein were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation.

21. At all relevant times Plaintiff and Covered Employees are, and have been, similarly situated. Plaintiff had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) willfully failing and refusing to pay them at the legally required one-and-one-half rate for work in excess of forty (40) hours per week; (2) willfully and inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that the Plaintiff were non-exempt and entitled to overtime pay; (3) willfully failing to keep records

required by the FLSA. The claims of Plaintiff stated herein are essentially the same as those of the other potential Plaintiffs.

22. Defendant classified Return to Work Specialists as salaried exempt knowing and/or showing reckless disregard for whether its conduct was prohibited by the FLSA; and/or had a common scheme and plan for systematically classifying these positions as exempt.

23. In this regard, Plaintiff and other Return to Work Specialists were performing non-exempt duties.

24. Defendant is also aware of the claims in this action, as it was sued for violations of overtime under the FLSA regarding this same or similar position.

25. Upon information and belief, Defendant has also been audited and investigated by the Department of Labor with respect to this position.

26. Plaintiff, Opt-In Plaintiffs, and putative class members have sustained damages from Defendant's failure to pay overtime compensation.

27. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

### COUNT I
### Violation of the Overtime Provisions
### of the Fair Labor Standards Act

28. Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 27 above, as if fully set forth herein.

29. Plaintiff, Opt-In Plaintiffs, and putative class members are and/or were employees of Defendant as defined by 29 U.S.C. § 203(e).

30. Plaintiff, Opt-In Plaintiffs, and putative class members are and/or were not exempt under any exemption under the Fair Labor Standards Act.

31. Defendant is an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

32. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

33. During the relevant statutory period, Plaintiff, Opt-In Plaintiffs and the putative class members worked in excess of forty (40) hours per week.

34. Defendant failed to pay Plaintiff, Opt-In Plaintiffs, and other similarly situated employees the required overtime rate, one-and-one-half times their regular rate, for all hours worked in excess of forty (40) hours per week.

35. Defendant willfully failed to keep proper records of all hours worked by Plaintiff, Opt-In Plaintiffs, and putative class members as required by 29 U.S.C. § 211(c), even though they are and/or were entitled to overtime compensation.

36. Defendant's failure to pay the required overtime rate was willful and/or the result of a common policy or plan that Plaintiff and all similarly situated employees were subjected to, which resulted in Plaintiff and similarly situated employees not being paid one-and-one-half times their regular rate for all hours worked in excess of forty (40) hours per week.

37. Due to Defendant's willful violation of the FLSA a three (3) year statute of limitation applies.

38. As a result of Defendant's violations of the FLSA, Plaintiff and other similarly situated employees have suffered damages.

39. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

**WHEREFORE** Plaintiff, on behalf of herself and other similarly situated employees, demands judgment against Defendant for the following:

A. Certification of this action as a collective action brought pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as representative of this FLSA Collective Action;

C. That the Plaintiff be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present similarly situated employees employed by Defendant at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

D. That all past and present members of the Class be informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit if they believe that they were or are misclassified as an exempt employee;

E. Equitable tolling of the statute of limitations for all potential opt in Plaintiffs from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

F. That the Court enjoin Defendant pursuant to 29 U.S.C. § 217 of the FLSA from withholding future payment of overtime compensation owed to members of the Class;

G. Unpaid overtime proven to be due and owing;

H. An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

I. Pre- and post-judgment interest as allowed by law;

J. Attorneys' fees and costs; and

K. Such other relief as the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on this 3rd day of August 2021.

/s/ Mary E. Lytle
**Mary E. Lytle, Esquire**
Florida Bar No.: 0007950
**David V. Barszcz, Esquire**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ**
533 Versailles Drive, 2nd Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiffs**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 3, 2021, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to:

**Lois M. Kosch, Esq.**, lkosch@wilsonturnerkosmo.com, **Michaela P. Delacruz, Esq.**, mdelacruz@wilsonturnerkosmo.com, **Nicole R. Roysdon, Esq.**, nroysdon@wilsonturnerkosmo.com, **Robin A. Wofford, Esq.**, rwofford@wilsonturnerkosmo.com, **WILSON TURNER KOSMO, LLP**, 402 West Broadway, Suite 1600, San Diego, California 92101, Telephone: (619) 236-9600, Facsimile: (619) 236-9669 and **Chad K. Lang, Esq.**, clang@smgqlaw.com, **Raul L. Perez, Esq.,** rperez@smgqlaw.com **SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO LLP,** 201 Alhambra Circle, Suite 1205, Coral Cables, Florida 33134, Fax: 855-327-0391.

/s/ Mary E. Lytle
**Counsel for Plaintiffs**