UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CONNIE GIBBS
on behalf of herself and others
similarly situated,

        Plaintiff,

v.                                          Case No: 6:21-cv-202-GAP-RMN

SEDGWICK CLAIMS
MANAGEMENT SERVICES INC.,
a Foreign for Profit Corporation,

        Defendant.

_____

## ORDER

The parties move for the Court to approve a settlement agreement of this collective action brought under the Fair Labor Standards Act ("FLSA"). Dkt. 81 (the "Motion"). The proposed settlement agreement provides that Defendant has agreed to pay a service award of up to $5,000.00 to the Representative Plaintiff. Dkt. 81 at 12-13; Dkt. 81-1 ¶¶ 1.14-1.15.

However, "[a]s of today, it is blackletter law in the Eleventh Circuit that district courts cannot grant incentive awards to named parties as part of a class-action settlement agreement." *Poblano v. Russell Cellular Inc.*, 543 F. Supp. 3d 1293,

1294 (M.D. Fla. 2021) (Mizelle, J.) (citing *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020), *reh'g denied*, 43 F.4th 1138 (11th Cir. 2022), *petition for cert. docketed*, __ U.S.L.W. __ (U.S. Oct. 25, 2022) (No. 22-389)). Although *NPAS Solutions* dealt with class actions and not collective actions under the FLSA, "[t]he reasoning in *NPAS Solutions* is equally, if not more, compelling for the Court to conclude that it applies to collective actions brought under the FLSA." *Id.* at 1295 n.1. A petition for a writ of certiorari docketed by the Supreme Court on October 25, 2022, in *NPAS Solutions* remains pending.[1] But the pending petition does "not deter this Court from rejecting a settlement agreement that contains an unlawful provision [despite] speculation as to whether the [Supreme Court] might change [Eleventh Circuit] precedent." *Id.* at 1295.

In *Poblano*, the parties requested the Court to approve their settlement agreement that provided for service awards to the named plaintiffs in a collective action under the FLSA. *Poblano v. Russell Cellular, Inc.*, No. 8:19-cv-265-KKM-AAS, Dkt. 107 (M.D. Fla. filed Sept. 10, 2020). On June 10, 2021, the Court declined to do so, noting that the proposed settlement agreement lacked a clear severability provision. *Poblano*, 543 F. Supp. 3d at 1295-96. The proposed settlement provided that "[t]he substance of the Named Plaintiffs' application for Service Awards is not

---

[1] *See* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/22-389.html (last visited Mar. 29, 2023).

part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the Settlement and this Agreement." *Poblano*, Dkt. 107-1 ¶ 5.4(ii). The settlement agreement also provided that "[t]he outcome of the Court's ruling on the application for Service Awards shall not terminate this Agreement or otherwise affect the Court's ruling on the Approval Motion." *Id.* "Any amounts requested as Service Awards but not approved by the Court shall become part of the Net Fund." *Id.* The Court found, however, that the service-award provision included no express severability provision that the parties intended the agreement to remain in effect if the Court declined to approve the service awards. *Poblano*, 543 F. Supp. 3d at 1295. The parties' filing of a single motion for settlement approval also suggested that the service-awards provision might have been intrinsic to the settlement. *Id.* Because the Court could not find that the settlement was a fair and reasonable compromise of bona fide disputes of FLSA claims, the Court denied without prejudice the parties' motion to approve the settlement agreement. *Id.* at 1295-96 (citing *Lynn's Food Stores Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350 (11th Cir. 1982); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (Presnell, J.)).

Here, the proposed settlement agreement provides for a service award of $5,000.00 to the Representative Plaintiff that is part of the total settlement amount.

3

Dkt. 81-1 ¶¶ 1.14-1.15. The agreement provides that, in the parties' Joint Motion for Approval, the parties shall request an order granting approval of the settlement, adjudging the terms to be fair and reasonable, approving the service award to the Representative Plaintiff, approving the payment of attorneys' fees and costs to collective class counsel, and approving Defendant's reimbursement of one half of the mediator's fee to collective class counsel. *Id.* ¶ 4.2. The agreement also provides that, "[s]hould the Court approve the Parties' settlement, except for the Service Award or any portion of the Service Award or any portion of Collective Class Counsel's fees and costs, the amount of such Service Award of Collective Class Counsel's fees and costs that are not approved shall not be paid by Defendant and shall be retained by Defendant." *Id.* ¶ 4.3. As in *Poblano*, the parties here seek approval of the proposed settlement, which includes the service award to the Representative Plaintiff, but the proposed settlement agreement does not contain an express severability provision providing that, if any provision is unenforceable, the remaining portions of the agreement remain in full force and effect. *Cf. Poblano*, 543 F. Supp. 3d at 1295 (quoting example of a severability clause).

As a result of the lack of an express severability clause, the Court denies without prejudice the Motion (Dkt. 81). *See id.* at 1296; *see also Perez v. Owl, Inc.*, No. 6:17-cv-1092-CEM-DAB, 2022 WL 3371401, at *3 (M.D. Fla. July 18, 2022) (earlier denying without prejudice parties' renewed motion for approval of

4

settlement of FLSA collective action because of service award payments to named plaintiffs, among other issues, and parties thereafter filing second motion for approval with deletion of service awards in settlement agreement), *report and recommendation adopted*, 2022 WL 3369497 (M.D. Fla. Aug. 16, 2022).

When resubmitting a Motion for Approval of a Settlement Agreement, the parties should note that this Court consistently finds that it has no legal basis to retain jurisdiction to enforce a settlement agreement. With their current proposed Settlement Agreement (Dkt. 81 at 5, 16), the parties did not provide any authorities in support of their request for the Court to retain jurisdiction. *See Gomez v. Hays Worldwide Studios, Inc.*, No. 6:22-cv-988-CEM-LHP, 2023 WL 1765647, at *3 (M.D. Fla. Feb. 3, 2023). "Courts in this District, however, routinely deny requests to retain jurisdiction over an FLSA settlement agreement. Accordingly, a renewed motion must address the propriety of this request." *Id.* (citation omitted).

It is **ORDERED** as follows:

1. The parties' motion to approve their FLSA settlement (Dkt. 81) is **DENIED without prejudice**.

2. On or before April 14, 2023, the parties must file a renewed motion for settlement approval that cures the deficiencies identified in this Order, or file supplemental authority supporting a request that the Court defer a final decision regarding allowance of a service award to

the Representative Plaintiff, in light of the pending petition in the U.S. Supreme Court.

**IT IS SO ORDERED** on March 29, 2023.

_____
**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties